IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DENNIS RAY PALMER                                             PETITIONER

v.                                              CAUSE NO. 1:14CV203-LG-JCG

MDOC, ET AL.                                                RESPONDENTS

## MEMORANDUM OPINION AND ORDER
## DISMISSING HABEAS CORPUS PETITION

BEFORE THE COURT is the [1] Petition Under 28 U.S.C. § 2254 for Writ of

Habeas Corpus filed by Petitioner Dennis Ray Palmer.  Respondents MDOC,

Warden Morris, and Deputy Warden B. Sims filed an Answer to the Petition,

Petitioner filed a Traverse, and Respondents filed a Response in Opposition to

Petitioner's Traverse.  Having reviewed the submissions of the parties and the

applicable law, the Court is of the opinion that Palmer is not entitled to federal

habeas corpus relief.  Accordingly, his Petition will be dismissed.  The Court is also

of the opinion that Palmer is not entitled to a Certificate of Appealability.

BACKGROUND

Palmer is currently an inmate of the Mississippi Department of Corrections

(MDOC).  His Petition concerns three Rule Violation Reports, RVR #s 01305629,

01305630, and 01305631, received in 2012.

The first RVR, #01305629, accused Palmer of violating Rule #C11, "inciting

to riot or rioting."  (Pet. Ex. at 7, ECF No. 1-1).  Palmer was found guilty of the rule

violation and, according to the RVR, received as punishment "recommend custody

review."  (*Id.*).  The second RVR, #01305630, accused Palmer of violating Rule #B28,

"making threatening or intimidating statements." (*Id.* at 6). Palmer was also found guilty of that rule violation and, as punishment, received a "restriction of all privileges not to exceed 1 month including exercise periods" for the period from November 10, 2012 to December 12, 2012. (*Id.*). The third RVR at issue, #01305631, accused Palmer of violating Rule #B13 by being "abusive, disrespectful, vulgar, obscene or threatening[,]" and more specifically of calling a zone officer a "bitch." (*Id.* at 5). Palmer was again found guilty of the rule violation and, according to third RVR, received as punishment "recommend custody review." (*Id.*).

Palmer thereafter filed an appeal of the disciplinary hearings for each of the RVRs through the MDOC Administrative Remedy Program (ARP). (*See id.* at 15-18). On December 27, 2012, the disciplinary decisions and resulting punishments were each affirmed, and Palmer's appeal denied. (*See id.* at 19). Palmer appealed ARP's decision to the Circuit Court of Greene County, Mississippi, which affirmed the decision. (*See* Answer, Ex. C, ECF No. 9-3; *see also* Pet. 2, ECF No. 1). Palmer then appealed the Circuit Court's decision to the Mississippi Supreme Court. (*See* Answer, Ex. D, ECF No. 9-4).

Palmer requested leave to appeal *in forma pauperis*, which the circuit judge denied, stating:

> The appeal in the case at bar is from an Order entered by the Court affirming the decision of the Administrative Remedy Program. No right to proceed under *in forma pauperis* status on a civil matter exists except on the Trial Court level. *Tubwell v. Anderson*, 776 So.2d 654 (Miss. 2000).

(*See* Answer, Ex. E at 1, ECF No. 9-5). Palmer filed a second IFP motion, which was denied for the same reason. (*See id.* at 2).

The Clerk of the Mississippi Supreme Court informed Palmer on two occasions that failure to pay his filing fee for the appeal would result in dismissal thereof. (*See* Answer, Exs. F and G, ECF Nos. 9-6 and 9-7). Palmer still did not pay the filing fee. Accordingly, the Mississippi Supreme Court dismissed his appeal on December 12, 2013, pursuant to Mississippi Rule of Appellate Procedure 2, for failure to prosecute the appeal. (*See* Answer, Exs. H and I, ECF Nos. 9-8 and 9-9). Palmer now requests that the Court expunge the subject RVRs from his prison record, and "restore 180 days trustee [*sic*] time loss due to" the RVRs. (Pet. 15, ECF No. 1).

## DISCUSSION

To the extent Palmer makes allegations related to a lack of due process or other constitutional violations with respect to the prison administrative procedures, and requests expungement of the RVRs as a result thereof, habeas corpus relief is unavailable.[1] *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Palmer's

---

[1] Palmer's sole relief in this respect is pursuant to 42 U.S.C. § 1983. Palmer already filed a § 1983 Complaint in this district, which was dismissed by United States District Judge Halil Suleyman Ozerden on the grounds that Palmer's § 1983 claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Memo. Op. & Order Dismissing Pl.'s Compl. 4-6, *Palmer v. McCarty, et al.*, No. 1:14cv56-HSO-RHW, ECF No. 10). Judge Ozerden stated that "[t]he dismissal of Plaintiff's § 1983 claims is with prejudice until the *Heck* conditions are met." (*See id.* at 6). Palmer has not made any allegations that the *Heck* conditions have been met, and, thus, his § 1983 claims are not cognizable in this action, and the Court will not construe his Petition as requesting such relief.

claims related to restoration of his trusty earned time credits as a result of the RVRs are cognizable through his Petition for habeas corpus relief.[2]  *See Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).  For the reasons discussed below, however, the Court finds that Palmer's Petition should be dismissed because he failed to exhaust available state court remedies with respect to those claims.  *See* 28 U.S.C. § 2254(b).

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).  If so, to obtain habeas review of his claims, a petitioner must demonstrate cause for and actual prejudice as a result of defaulting his claims based on this procedural bar, or that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The Mississippi Supreme Court dismissed Palmer's appeal for failure to prosecute because he never paid the filing fee, despite being cautioned on two separate occasions that such failure would result in dismissal of the appeal.  "When, as in this case, the state court 'clearly and expressly states that its judgment rests on a state procedural bar, a presumption arises that the state court decision rests

---

[2] "[T]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC."  *Golden v. Epps*, 958 So. 2d 271, 274 n.2 (Miss. 2007) (citing Miss. Code Ann. § 47-5-138.1).

on independent and adequate state law grounds.'" *Shelton v. King*, 548 F. Supp. 2d 288, 305 (S.D. Miss. 2008) (citation omitted).

> The petitioner may overcome this presumption by establishing that 'the state did not strictly or regularly follow a procedural bar around the time of his direct appeal' and that 'the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself.' As [Palmer] has made no such assertions, much less the requisite showing that Mississippi did not strictly or regularly follow this procedural bar, this [C]ourt cannot do other than conclude that [Palmer]'s failure to comply with Mississippi's procedural rules acted as independent and adequate grounds for the Mississippi Supreme Court's decision and precludes habeas consideration of the barred claims.

*Id.* (citing *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)); *see also, e.g.*, *Riley v. Epps*, No. 2:09cv137-KS-MTP, 2012 WL 2177294, at *4 (S.D. Miss. May 15, 2012), report and recommendation adopted, 2012 WL 2154352, at *2 (S.D. Miss. June 13, 2012).

The only way for Palmer to obtain habeas review, then, is to show cause and actual prejudice for his admitted failure to exhaust his state remedies, or to show that a fundamental miscarriage of justice will result if the Court declines to consider his claims. *See Coleman*, 501 U.S. at 750. The Court is of the opinion that Palmer is unable to do either of these things.

### 1.    Cause and Actual Prejudice

"'Cause' in this context is something external to the petitioner that cannot be fairly attributed to him." *Coleman*, 501 U.S. at 753. "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis

for a claim was not reasonably available to" the petitioner. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (citation and quotation marks omitted); *see also Shelton*, 548 F. Supp. 2d at 303.

Palmer argues that cause is shown because "it is very much unconstitutional to deny an indigent litigant access to court because of his inability to pay any filing fees." (Traverse 5, ECF No. 10). Palmer's indigent status is not sufficient cause under the circumstances presented here. Indeed, the Supreme Court has "stopped short of an unlimited rule that an indigent at all times and in all cases has the right of relief without the payment of fees." *See United States v. Kras*, 409 U.S. 434, 450 (1973).

In *Ruff v. Bradley*, No. 4:04cv385-P-B, 2007 WL 670952 (N.D. Miss. Feb. 28, 2007), a prisoner challenged the loss of earned time due to a RVR through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner had filed a grievance challenging the RVR through ARP, which appeal was found to be without merit. The petitioner then filed a circuit court action, which the circuit court dismissed. Finally, the petitioner appealed the circuit court action to the Mississippi Supreme Court, which dismissed the appeal for failure to pay costs after denying the petitioner *in forma pauperis* status based on the rule in Mississippi that civil appeals by prisoners cannot proceed IFP. *See Ruff*, 2007 WL 670952, at *3. The federal district court found that the petitioner's habeas claims were barred, and, further, that the petitioner could not show "cause" for the procedural default:

"No external impediment prevented the petitioner from completing the grievance review process – including paying the costs of his appeal to the Mississippi Supreme Court – and thereafter properly raising and discussing [his] claims as grounds for relief in state court." *See id.* at *4; *see also, e.g.*, *Russell v. King*, No. 2:10cv28-KS-MTP, 2010 WL 3786579, at *1-2 (S.D. Miss. Sept. 21, 2010), report and recommendation adopted, 2011 WL 587310, at *1 (S.D. Miss. Feb. 10, 2011).

The same is true here. Because Palmer has failed to demonstrate cause, the Court need not question whether there is prejudice. *See Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996); *see also, e.g.*, *Ruff*, 2007 WL 670952, at *4.

### 2.     Fundamental Miscarriage of Justice

"[T]he fundamental miscarriage of justice exception is confined to cases of actual innocence 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Palmer claims that he is innocent of the RVRs. "However, he has not come forward with new *reliable* evidence to establish his actual innocence." *See Ransburgh v. Epps*, No. 2:12-cv-101-KS-MTP, 2012 WL 5304079, at *4 (S.D. Miss. Oct. 2, 2012) (emphasis added) (citing *Fairman*, 188 F.3d at 644), report and recommendation adopted, 2012 WL 5304076, at *3 (S.D. Miss. Oct. 25, 2012); *see also Reed v. Stephens*, 739 F.3d 753, 767-69 (5th Cir. 2014). Palmer claims that his witness (another prisoner) was not allowed to testify, but there is no evidence of what this witness would have testified to or how it would have

7

established Palmer's actual innocence of the RVRs. This is simply not the "rare" or "extraordinary case" in which the narrow "fundamental miscarriage of justice" exception to the general rule of state court exhaustion should be applied. *See Williams v. Thaler*, 602 F.3d 291, 308 (5th Cir. 2010).

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order such as this one unless the Court finds that the petitioner is entitled to a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA "may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). When the petition is denied on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.* "In such a circumstance, no appeal would be warranted." *Id.* Applying this standard, the Court concludes that no COA should issue.

CONCLUSION

For all the reasons discussed herein, the Court finds that Petitioner Dennis Ray Palmer is not entitled to federal habeas relief. The Court further finds that a Certificate of Appealability should not issue.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [1] Petition for Writ of Habeas Corpus filed by Dennis Ray Palmer is **DISMISSED WITH PREJUDICE**.[3] A separate Judgment will be entered accordingly.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner is **DENIED** a Certificate of Appealability. A separate Order will be entered accordingly.

**SO ORDERED AND ADJUDGED** this the 23rd day of September, 2015.

_s/ Louis Guirola, Jr._
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[3] *See, e.g.*, *Windham v. Banks*, No. 2:11cv210-KS-MTP, 2012 WL 3186112, at *2 (S.D. Miss. Aug. 3, 2012) (discussing propriety of dismissing federal habeas claim with prejudice based on failure to exhaust state court remedies).